Curia, per Johnston, Ch.
When I delivered the circuit. decree, I supposed, as I then suggested, that a majority of this Court probably entertained opinions directly opposed to my views. For, although the validity of unregistered marriage settlements, as between the parties, was expressly reserved in the case of Baskins vs. Giles, (Rice Eq. R. 322-3,) yet an opinion was there intimated by one of the Chancellors, that the point had been decided in the case of Mullins vs. Austin, contrary to my circuit decree in this case. The appeal decree in that case was not in our hands when Baskins vs. Giles was decided; nor has it. been found since, although the registry of this Court, and of the Circuit Court of Spartanburg, from which it was brought up, have both been searched, and an extensive en-quiry made in all other quarters where it was likely to be *244 found; But from the pleadings and circuit decree, which llave beén found and examined, it appears that the question, Whether unrecorded settlements are or Ore not Valid between the parties, was not necessarily involved in the case. Mullins had made a post-nuptial settlement, in the year 1829, by Which he conveyed to a trustee certain slaves and other personal property, tó the use of his wife, &c. This deed Was not registered, ás required by the Act of 1823; Subsequently-, he mortgaged the same property to AUstin, to secure the price of certain property sold by Austin to him-, and payable in instalments; Some of the in-stalments having become due, and being unpaid, Austin took possession of the slaves-, and Was about to sell them, When the bill Was filed by Mullins; The bill prayed an injunction ánd a r'é-delivery of the slávbs, upon four grounds, the first of which was abandoned-. The second Was, because, ás it Was alleged, Austin had drawn Mullins into the purchase ahd into the execution of the mortgage; by Oppression and fraud. Third, because Austin had due hotióe of the Settlement Which 'conveyed the property to the trustee; and therefore Could not avoid it for Want of registration, and if valid-, the title Was; by virtue of it; Out of Mullins, When he gave the mortgage, aild belonged to the trustee for Mrs-. Mullins, who Was a party to the bill. Fourthly, that the Seizure ahd threatened sale, Under the mortgage-, WaS premature, the whole debt being not yet due. Chancellor DeSáussure overruled the second ground, as unsupported by the evidence, and the fourth as Un-sústainéd by láW. Upon the third he observed that Mulíins Wás in debt and embarrassed When he executed the settlement-, and swore out of jail sóon afterwards-, and that this Would defeat the deed. “ít \vas argued, however,” he adds, “that though the deed was not properly recorded; the necessity for its being so Was superceded by the jfáct that Austin knew of the existence Of the deed before he took the mortgage, and, therefore-,'had the notice intended by the statutes. The statutes positively require thé recording-. They make ho exception. The Equity Courts ill England have made the ekceptioh above stated; and Wé tiáVé followed them with rather more guarded steps. We require the notice of the deed to be brought *245 home clearly and positively. Mere loose knowledge, alleged or believed by the witnesses, is not sufficient. In this case, Dr. Austin swears, in his answer, that he has no recollection of seeing the deed. Mr. Bomer, the register, however, testifies that Dr. Austin was in his office, and did see the deed •; and thinks he read it, or the record of it, but he cannot say which. This discrepancy in the recollection of respectable men, of known veracity, shews the danger of substituting loose verbal testimony for the statutory rule, and the necessity of using great caution, and requiring very clear proof.” He dismissed the bill. Now, it appears from this statement, that the only position taken by the plaintiff, which Was sustained by the Chancellor, was the position, that notice is a substitute for recording, provided it be clear and explicit, and established by evidence clear of doubt; and that the Chancellor was restrained from applying it to the case, becaU.se the proof Was not satisfactory to him. The appeal decree affirming the circuit decision may have expressed the opinion that the deed was void, solely for the want of registration, but such an opinion, if expressed, (of which wre are uncertain,) was evidently beyond the necessity of the case.
A portion of this Court would have overruled this decision, if such á one existed as this of Mullins vs. Austin was supposed to be; for it would havebeeii clearly opposed to the whole current of authorities. But We preferred to keep this case under advisement, for the purpose of ascertaining, if we could, what was, iil fact; decided in that case. Being now satisfied that there Was no point necessarily adjudicated in it, contrary to the general doctrine, we are free to conform to that.
I might have said the universal, instead of the general doctriné'. There is no case in which explicit notice has not stood for registration. Even in Baskins vs. Giles, where the President of this Court questioned the applica* bility of the doctrine to the Act of 1823, an exception to the title (or letter) of the Act Was recognized, and the decision made to turn on it; by which it Was ruled, that marriage settlements are not void as to all persons, for want of recording, but that persons standing in particular circumstances, shall be bound by them. All that is asser *246 ted in this case, is that it would be a fraud for parties, having notice of the execution and not defrauded by them, to take advantage of the mere letter of the Act, and avoid them. Baskins vs. Giles ruled that the instrument should nol be invalid, at the instance of a person who would have perpetrated a fraud by insisting on its want of registration. In what respect does this decision differ in principle from the general current of authorities, that a purchaser with notice of a settlement shall not be allowed to object to it? It would be a fraud in him to do so. And would it not be a fraud in a party, the husband, to receive and appropriate property known by him to have been secured by settlement ?
The only difference between the Act of 1.823 and the prior Acts of 1785 and 1792, is that they declare unregistered marriage deeds and contracts void as to particular persons, while the former declares them void generally. If notice supplied the place of recording, in regard to the particular persons as to whom the former Acts declared such unregistered instruments void, how is it possible, in conformity with the decisions to this effect, to hold otherwise than that it shall supply it as to all persons, the parties as well as others, under the Act of 18231
The doctrine that notice supersedes the necessity of registration, is as old as the Court. It prevails in law as well as in equity. There is no exception to it.* I shall refer to only one or two cases, in addition to those particu *247 larly mentioned in the circuit decree. In Levinz vs. Hill, 1 Dallas, 430, the argument was upon a special verdict finding that Levinz had executed a mortgage which was not recorded within the time prescribed by law. The defendant, as sheriff, sold the mortgaged premises, and after certain deductions, paid over the balance to the mortgagee, and afterwards Levinz assigned all his property for the benefit of his creditors generally. The action was brought by the assignees in the name of Levinz, the assignor, to recover the money paid over to the mortgagee. The Act of Assembly, relied on by plaintiff, declared that “ no deed, or mortgage, (or defeasible deed, in the nature of mortgages,) hereafter to be made, shall be good or sufficient to convey or pass any freehold,” &c. “ or to grant any estate therein, for life or years, unless such deed be acknowledged or proved, and recorded within six months after the date thereof, where such lands lie, as herein before directed for other deeds.” The opinion of the court was delivered by McKean, Ch. J.; that the mortgage was good as between Levinz and the mortgagee, and judgment was given for the defendant. The argument of counsel and the opinion of the court are very instructive; but for the sake of brevity must be omitted here. It is sufficient to say that it was held that the object of recording was notice to persons liable to be affected, and that this was subserved by actual and explicit notice, such as Levinz, as a party to the mortgage, had. The Chief Justice observes that “ the Legislature did not mean, nor did they in fact enact, that express personal notice, when given, shall have no effect; nor could they entertain an idea of defeating fair and honest bargains.” He confirms his decision by the analogous-principles of the cases on church leases, Bac. Ab. 390 ; Cowper, 141; on undocketed judgments, 2 Eq. Ab. 681; on leases in Ireland, Id. 282, case 19 ; and on surrenders of copy holds, by way of mortgage, 2 Chan. Ca. 170 ; 2 Vern. 564.
Now, the Act of Pennsylvania, above recited, corresponds in so many particulars with the Act of 1823, affecting the marriage settlement in this case, as to render the case in Dallas of great moment here. It draws no distinction between the parties and creditors or purchasers, but directs *248 its enactment generally against the instrument if not recorded. So does the Act of 1823. It declares that the deeds embraced by it shall not be good or sxtfficient to pass an interest, (that is, shall not operate or be valid) unless recorded within a given time. The Act of 1823 provides that marriage settlements shall not be valid until recorded, which shall be dope within a fixed period. The only seeming difference is that the latter Act declares that for want of the prescribed registration, the settlement shall be null and void, But what difference can this make 1 The Pennsylvania Act declares that, unless registered, the deed shall not he good or efficacious ; and if so, is it not inoperative and void! The words unless in the ope Act, and until in the other, will be noticed hereafter. It appears to me, therefore, that the decision in Levinz vs. Hill amounts to a decision in conformity to the circuit decree upon the Act of 1823.
The case of Stroud vs. Lockhart, 2 Dallas R. 153, was a scire facias on a mortgage. The mortgage had not been duly recorded ; and Lockhart had purchased the premises. Rut on the trial it was proved that he knew of the mortgage when he purchased. The court said the case was too plain for controversy, and the plaintiff must have a verdict.
Our own case of Anderson vs. Hams, reported 1 Bailey R. 315, the particulars of which are more fully set forth in MSS. records of law decisions, Columbia, vol. 4, page 476, (case No. 381,) seems in principle to decide the present case. The action was trespass to try titles to lands. The plaintiff purchased from one Jenkins, who had previously leased a portion of the land • to the defendant for fifteen years. The lease was not recorded; and it was insisted by the plaintiff, that it was void under the Act of 1817, 6 Cooper, 67, which provides, “ that all leases, or com tracts in writing, hereafter to be made, between landlord and tenant, for a longer time than twelve months, shall not be valid in law, unless the same shall have been recorded in the office of mesne conveyances, at least within three months from the time of their execution.” But the plaintiff was fully notified of its execution at the time of his purchase. Mr. Justice Q’Neall, who presided at the trial, *249 instructed the jury, upon the authority of Tart vs. Crawford, 1 McCord R. 265, which was adjudicated upon the general recording law, 1 Brev. Digest, 171, and upon the authority of McFall vs. Sherard, Harper’s L. Rep. 295, that the notice was a substitute for recording, and obviated the objection raised. They gave a verdict accordingly; and upon appeal the whole court, (Nott, Colcock, and Johnson, JJ.) affirmed the instructions.
Now, there is no other difference between the Act of 1817 and that of 1823, than the words unless and until; except the difference between the latter and the Pennsylvania mortgage Act, respecting the omission in the Pennsylvania Act, of the words null and void, which has been already observed upon. The Act of 1817 declares that leases shall not be valid, unless recorded within a given time; that of 1823, that settlements shall not be valid, until recorded ; the time for which is limited. The one imposes a condition, the other a prerequisite; but the one is equal to the other.
But when the history of the registry Acts is examined, it will appear that this word until, employed in the Act of 1823, is hardly entitled to the weight allowed to it by the appellant’s counsel. Before that Act was passed, marriage settlements were required to be recorded in the office of the Secretary of State only. The Legislature desired to give more general publicity, and required, by the Act of 1823, that they should also be registered in the district where the parties resided. The true solution of the Legislature’s intention, as gathered from the previous legislation, is, not that the deeds should be imperative until recorded, but that the registration should not be considered complete until made in both offices. And this interpretation fortifies the conclusion that notice was the sole object of this, as well as all the previous Acts.
I have thus shown what the general doctrine is. That the case of Mullins vs. Austin is not opposed to it; and that not a single case, therefore, has ever been decided among ourselves or elsewhere contrary to the circuit decree.
It is the unanimous opinion of this eourt, that marriage settlements are not void as between the parties, under the *250 Act of 1823; notice supplying the place of registration as to them, as well as all other persons affected by them ; and it is ordered, that the circuit decree be affirmed, and that the appeal be dismissed.
Johnson, Harper and Dunkin, Chancellors, concurred.

fd=* Note by the Chancellor. * The following authorities, among others, may be consulted with advantage upon the subject of notice generally; what notice is required as a substitute of registration ; what is sufficient as to an outstanding equity; under what circumstances it shall or shall not affect the party to whom it is directed, viz: Martin vs. Sale, 1 Bailey Eq. 4 ; Price vs. White, Id. 266 ; Miller vs. Kershaw, Id. 480 ; 2 Hill Ch. Rep. 180; Cabiness vs. Mahon, 2 McCord Rep. 274; Givens vs. Bradford, 2 Id. 152; Anderson vs. Harris, 1 Bailey, 315; Jackson vs. Ellis, 12 Johnson Rep.; Jackson vs. Sharpe, 9 Id. 168 ; Same vs. Bext, 8 Id. 108 ; Same vs. Givens, 2 Johnson Ch. Rep. 603 ; Id. 190; 19 Ves. 439; 3 Id. 484; 2 Atk. 275 ; 2 Dess. 238; 6 Munford, 42; Newland on Contracts, 510, et seq. Id. chap. 36; 2 Sugden on Vend. 223, (late edition,) Id. 276; 1 Story Eq. 359, 387, 393, 394.